**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2470
_____

LUZ E. GONZALEZ,
                                        Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-15-cv-02131)
District Judge:  Honorable William J. Nealon, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2016

Before:  AMBRO, GREENAWAY, JR. and GARTH♦, Circuit Judges

(Opinion filed: October 26, 2016)
_____

OPINION*
_____

PER CURIAM

---

♦ The Honorable Leonard I. Garth joined in the opinion of the Court but passed away
prior to the filing of the opinion.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Luz E. Gonzalez appeals the District Court's order granting a motion to dismiss filed by the Commissioner of Social Security in an action involving a claim for disability insurance benefits (DIB) and supplemental security income (SSI). For the reasons below, we will affirm the District Court's order.

In 2012, Gonzalez protectively filed an application for DIB and SSI under Titles II and XVI of the Social Security Act. Her application was denied at the initial level of administrative review. Gonzalez appealed, and an Administrative Law Judge (ALJ) concluded that she was not disabled. Thereafter, the Appeals Council denied Gonzalez's request for review. In May 2015, Gonzalez sought review in the United States District Court for the Middle District of Pennsylvania. The District Court issued a Standing Practice Order in Social Security Appeals, which states, in relevant part, that "[w]ithin forty-five (45) days after service of the defendant's answer, the plaintiff shall serve and file a brief containing the following: statement of the case, statement of errors, argument and conclusion." The Order also provides that "failure of the plaintiff to comply with [those requirements] will result in dismissal of the case for failure to prosecute and abide by a court order . . . without any further warning from the court." The Commissioner filed an answer on July 7, 2015, but Gonzalez did not file a brief. Consequently, the District Court dismissed the action by order entered October 30, 2015, because Gonzalez

constitute binding precedent.

failed to timely file her supporting brief as required by the Standing Practice Order. Gonzalez did not appeal.

Gonzalez filed another action in the District Court against the Commissioner in November 2015, again complaining about the denial of her requests for DIB and SSI. The Commissioner filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Gonzalez's action was barred by res judicata. The District Court agreed, granted the Commissioner's 12(b)(6) motion, and dismissed the action. Gonzalez timely appealed.[1]

Res judicata bars claims that were actually litigated or could have been litigated in the prior action. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). For res judicata to apply, a defendant must show that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984). The Commissioner has demonstrated that all three requirements are met here. First, Gonzalez's prior action was dismissed for failure to prosecute, which constitutes a decision "on the merits." Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1087 (3d Cir. 1988). Second, Gonzalez named the Commissioner both here and in the prior action. Finally, the present action and the

---

[1] We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the District Court's dismissal on res judicata grounds. Morgan v. Covington Twp., 648 F.3d 172, 177 (3d Cir. 2011).

3

prior suit both arise from the same denial of Gonzalez's request for DIB and SSI. Gonzalez has not attempted to distinguish the causes of action. Under these circumstances, we conclude that res judicata bars Gonzalez's claims.

For these reasons, we will affirm the District Court's judgment.